[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11226
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00520-SDM-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ALBERTO GALVEZ-ZUNIGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 2, 2011)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Oscar Alberto Galvez-Zuniga appeals his 24-month sentence for illegal reentry into the United States after having previously been convicted of a felony offense, in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that the district court plainly erred by failing to adequately explain the reasons for its sentence, and that it abused its discretion in applying a 50% upward variance from his guideline sentencing range. Upon review, we affirm his sentence.

I.

In October 2009, the Hillsborough County, Florida, Sheriff's Office notified Immigration and Customs Enforcement ("ICE") that an individual identified as "Oscar Galvez" was believed to be a previously removed criminal alien. ICE agents confirmed that the man was Galvez-Zuniga, that he had previously been deported to Honduras following a felony conviction for unauthorized possession of a fraudulent identification card, and that he had reentered the United States without permission. Accordingly, they arrested him. At the time of his arrest, Galvez-Zuniga was in possession of an employee identification card in the name of "Oscar Alberto" and a Louisiana driver's license in the name of "Oscar Alberto Galvez." His Florida driver's license, also in the name of "Oscar Alberto Galvez," had expired in July 2008. He confirmed that he was Galvez-Zuniga and that he had reentered the United States without permission.

2

Galvez-Zuniga had a Sentencing Guidelines offense level of 10 and was in criminal history category III, for a guideline range of 10-16 months' imprisonment. In addition to the fraudulent-identification felony, he had three prior convictions, resulting from guilty or *nolo contendere* pleas, that did not contribute to his criminal-history score: (1) driving without a license, (2) driving without a valid license, and (3) driving with a license that had been expired for less than four months.

At sentencing, Galvez-Zuniga noted that the only offenses in his criminal record were driving violations. He requested a low-end guideline sentence of ten months. He argued that his criminal background did not include any narcotics, pornography, burglaries, theft, or other serious allegations, and the most serious offense in his background was the conviction for possessing a fraudulent identification card. He had two sons in Honduras, and upon his release from prison, he would stay home with his sons and find work in Honduras. He expressed remorse and added that he had entered his plea early in the process, as there was never any question that he would contest the charge. He apologized for having broken the rules by returning to the United States. He asserted that he had come here looking for work, but he promised that he would never again find himself in this situation, and he asked for forgiveness.

The government stated that Galvez-Zuniga had been caught four times without a valid driver's license, which indicated a lack of responsibility on his part and meant that he would be uninsured if he were to hit another driver. The government further noted that he had already served ten months' imprisonment for the felony fraudulent-identification offense, but he was in possession of an expired license when he was apprehended this time. The government stated that a ten-month sentence would not be appropriate and that Galvez-Zuniga needed to be shown the error of his ways.

The court sentenced Galvez-Zuniga to 24 months' imprisonment. It stated that it had considered the 18 U.S.C. § 3553(a) factors and had concluded that the sentence was not greater than necessary to comply with the statutory purposes of sentencing. As to the nature and circumstances of the offense and the history and characteristics of the offender, the court noted that Galvez-Zuniga had maintained unlawful residence for a protracted period of time and had already been sentenced to a year in prison without much effect. It felt that deterrence was the principal concern in this case, particularly as Galvez-Zuniga had been undeterred by his previous arrests and imprisonment, and there was a need for some material escalation of penalties for his continued presence. The court also considered that this offense was subject to a statutory maximum sentence of ten years'

imprisonment, and a protracted presence in the United States resulting in repeated arrests would warrant a sentence closer to the maximum. The court was satisfied that no less than a 24-month sentence was necessary to make an impression and serve as an adequate deterrent.

Galvez-Zuniga objected to the reasonableness of the sentence, stating in particular that he understood the court's concern about the prior state sentence, but that it already had been factored into the guideline calculation. He felt that a 16-month sentence would have been more than reasonable. The court reiterated that the proximity, length, and ineffectiveness of the state sentence led it to think that Galvez-Zuniga would not be deterred by a sentence within the guideline range.

## II.

We review a sentence for reasonableness in a two-step process. First, we must ensure that the district court did not commit any significant procedural error, such as failing to consider the § 3553(a) factors or failing to explain the sentence adequately, including an explanation for any variance from the guideline range. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Where, as here, the defendant fails to object in the district court to a purported procedural error, we review for plain error. *See United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). Thus, Galvez-Zuniga must show

5

(1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

Second, we review the substantive reasonableness of the sentence under an abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (*en banc*). We will reverse a sentence under that standard only if the district court has made a clear error of judgment. *Id.* at 1189. When conducting this review, we take into account the totality of the facts and circumstances, including the extent of any variance from the guideline range. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. We will not reverse merely if we believe that a different sentence might have been more appropriate. *Irey*, 612 F.3d at 1191. The appellant bears the burden of establishing that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentencing is a two-step process that requires the district court first to "consult the Guidelines and correctly calculate the range provided by the Guidelines," and then to consider the factors in 18 U.S.C. § 3553(a) and determine a reasonable sentence. *Talley*, 431 F.3d at 786. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the

6

defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with training or medical care; (6) the kinds of sentences available; (7) the sentencing guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. *Id.* (discussing § 3553(a)). The sentence must be no greater than necessary to punish, deter, protect the public, and provide the training and care outlined in the statute. 18 U.S.C. § 3553(a).

"The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." *Id.* § 3553(c). Not every case requires a full opinion or a response to every argument. *Rita v. United States*, 551 U.S. 338, 356-57, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 356, 127 S.Ct. at 2468. When the sentence is within the guideline range and neither party has contested the range under § 3553(a), "the judge normally need say no more." *Id.* at 357, 127 S.Ct. at 2468. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a

7

different sentence . . . the judge will normally go further and explain why he has rejected those arguments. Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.*

The district court commits a clear error of judgment if it weighs the § 3553(a) factors unreasonably, thus arriving at a sentence that does not achieve the statutory purposes of sentencing. *Irey*, 612 F.3d at 1189. The court may also abuse its discretion by failing to consider relevant factors that were due significant weight, or by giving significant weight to an improper or irrelevant factor. *Id.* Nonetheless, a district court does not abuse its discretion when it merely attaches "great weight" to a single, permissible factor or set of factors. *Gall*, 552 U.S. at 56-59, 128 S.Ct. at 600-02.

Here, the district court adopted the undisputed facts and guideline range set forth in the presentencing investigation report, stated that it had considered the § 3553(a) factors, and discussed two of them—Galvez-Zuniga's criminal background and the need for deterrence—in detail. It explained that it believed a sentence of at least 24 months was necessary to make an impression on Galvez-Zuniga and to deter him from future law-breaking, and it noted in particular that his multiple previous arrests had not been an effective deterrent because they had resulted in little to no jail time. When Galvez-Zuniga objected to the substantive

reasonableness of the sentence, the court acknowledged the difficulty of tailoring a sentence to an individual defendant, but it explained its reasoning again and reaffirmed its decision. Taken as a whole, the record shows that the court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356, 127 S.Ct. at 2468. The district court's statement of its reasons was not plainly erroneous for purposes of § 3553(c).

As to substantive reasonableness, the court heard argument from the parties about the relative seriousness of Galvez-Zuniga's prior offenses, and it acknowledged that he had come to the United States in order to earn money to support his family, but it expressed concern that he had been undeterred by his previous arrests and imprisonment. The court noted that there had not been a material escalation in penalties for his continued presence and infractions. The court relied not only upon the protracted length of his presence in the United States and the number of his prior infractions, but also upon the fact that he had committed the infractions close in time to each other. The court found that Galvez-Zuniga's 12-month fraudulent-identification sentence, of which he had served only 10 months, had not served as a deterrent, and it concluded that a sentence of 10-16 months for this offense would not do so, either. Galvez-Zuniga

has not proved that the district court made a clear error of judgment when it placed additional weight on the frequency of his recidivism and the lack of deterrent effect of his previous, more lenient sentences. *See Gall*, 552 U.S. at 56-59, 128 S.Ct. at 600-02; *Irey*, 612 F.3d at 1189. The court did not abuse its discretion by applying a 50% upward variance. *See Irey*, 612 F.3d at 1188.

For the foregoing reasons, we affirm Galvez-Zuniga's sentence.

**AFFIRMED.**